UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTINA L. DAWSON                                                                PLAINTIFF

V.                                    No. 3:21-CV-191 JM-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                    DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I. Introduction

On June 12, 2019, Christina L. Dawson ("Dawson"), filed an application for disability and disability insurance benefits. (Tr. at 25). On the same day, she filed an application for supplemental security income. In both applications she alleged that her disability began on May 24, 2019. *Id*. In a written decision dated January 29, 2021, an administrative law judge ("ALJ") denied Dawson's applications. (Tr. at

25–40). The Appeals Council denied Dawson's request for review on August 11, 2021. (Tr. at 1–4). The ALJ's decision now stands as the final decision of the Commissioner, and Dawson has requested judicial review.

For the reasons stated below, this Court should reverse the final decision of the Commissioner and remand for further review.

## II.  The ALJ's Decision

At Step One of the required five-step analysis, the ALJ found that Dawson had not engaged in substantial gainful activity since May 24, 2019. (Tr. at 28). At Step Two, the ALJ determined that Dawson has the following medically determinable impairments: (1) degenerative disc disease of the lumbar spine; (2) fibromyalgia; and (3) obesity. *Id*.

At Step Three, the ALJ determined that Dawson's impairments did not meet or equal a listed impairment. (Tr. at 33).

The ALJ determined that Dawson had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: (1) she can never climb ladders, ropes, or scaffolds; (2) she can no more than occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; and (3) she must avoid concentrated exposure to temperature extremes. (Tr. at 33–34). Based on that RFC, the ALJ concluded, at Step Four, that Dawson was capable of

performing past relevant work. (Tr. at 39). Thus, the ALJ concluded that Dawson was not disabled. (Tr. at 39–40).

## III.  Discussion

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Dawson's Arguments on Appeal

Dawson contends that the evidence supporting the ALJ's decision to deny her application for benefits is less than substantial. She argues that: (1) the ALJ did not properly consider her fibromyalgia or obesity; (2) the ALJ erred in discounting lay witness statements; and (3) the RFC did not fully incorporate Dawson's limitations at various stages in his decision, as he was required to do. The Court finds support for Dawson's final argument.

Dawson had problems with her right shoulder. As early as February 2019, she complained of pain with right shoulder lifting. (Tr. at 399–403). She demonstrated pain and tenderness in the right shoulder. (Tr. at 400). Dawson visited orthopedist Thomas Knox, M.D., in March 2019. (Tr. at 530–534). He noted pain with range of motion. She rated her pain in her right shoulder as a 7 out of 10, and said she could not lift her right shoulder. *Id*. An MRI showed incomplete tear of the right rotator

cuff and a small tear of the posterior portion of the glenoid labrum. (Tr. at 412). Dawson was taking narcotics for pain. On May 29, 2019, Dawson underwent right shoulder surgery. (Tr. at 423–424).

Dawson underwent physical therapy in 2019 for her shoulder, and her physical therapist wrote that she had decreased range of motion in all planes in her right shoulder and this inhibited Dawson's ability to complete functional tasks and activities of daily living. (Tr. at 573–574). In January 2020, the physical therapist reiterated that Dawson had difficulty with activities of daily living. (Tr. at 633). Also in January 2020, Dawson told her orthopedist that her right shoulder pain had returned to pre-surgery levels. (Tr. at 633–635). Dawson said she had difficulty completing daily chores. (Tr. at 35).

The ALJ erred in her recognition and evaluation Dawson's shoulder impairment and how it impacted her ability to work. First, the ALJ did not mention it at Step Two as a severe impairment. In a case from the Northern District of Texas, where shoulder injuries and concomitant restrictions on mobility were documented, but the ALJ did not classify the impairment as severe at Step Two, the Court reversed. *Newbauer v. Colvin*, 2016 U.S. Dist. LEXIS 35921 *46 (N.D. Tex. March 21, 2016). The ALJ had not "address[ed] or even mention[ed] shoulder pain at Step Two," which was error. *Id*. In this case, the ALJ did not mention Dawson's right shoulder impairment at Step Two.

5

The ALJ also did not include any reaching limitations in the hypothetical she posed to the VE at Step Five. Dawson's medical record contained objective test results showing shoulder problems. She had surgery and took narcotics. Her pain returned in spite of this. Her physical therapist explained how limited Dawson was in daily activities. The hypothetical should have included right shoulder restrictions based on this evidence. *Webb v. Colvin*, 2016 U.S. Dist. LEXIS 185007 *24–31 (S.D. W.V. August 26, 2016) (hypothetical should have included reaching restrictions, as record bore out shoulder limitations). And had the hypothetical contained such restrictions, the correlating RFC would have accurately reflected functional limitations with respect to Dawson's right shoulder. An RFC must include all of the claimant's credible limitations. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010); *Priewe v. Kijakazi*, 2022 U.S. Dist. LEXIS 98284 (D. N.D. March 8, 2022) (rotator cuff tear caused functional restrictions that should have been included in the RFC).

## IV.  Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not properly evaluate or account for right shoulder restrictions.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 23rd day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE